UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE SERVICE BUREAU, INC. d/b/a NATIONAL SERVICE BUREAU, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:20-cv-04514 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes BOBBY WILLIAMS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of SEATTLE SERVICE BUREAU, INC. d/b/a NATIONAL SERVICE BUREAU, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Round Beach Lake, Illinois, which is located within the Northern District of Illinois.

5. Defendant is a "nationwide debt collection agency" that purportedly specializes in the "recovery of delinquent accounts receivable."[1] Defendant is a corporation organized under the laws of the state of Washington with its principal place of business located at 18912 North Creek Parkway, Bothell, Washington. Defendant regularly collects upon consumers located within the State of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer obligation ("subject debt") allegedly owed by Plaintiff.

8. The subject debt stems from Plaintiff's purported obligations in connection with a defaulted payday loan that Plaintiff obtained from Illinois Lending Corporation ("Illinois Lending").

9. After Plaintiff's purported default with Illinois Lending, the subject debt was assigned to Defendant for collection purposes.

10. On or about January 2, 2020, Defendant sent or caused to be sent a correspondence to Plaintiff which sought collection of the subject debt.

---

[1] https://www.nsbi.net/

2

11. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

12. Defendant's collection letter itemized various information regarding the subject debt, including the "Assigned Principal," "Assigned Interest," and "Interest."

13. Defendant listed the subject debt with an "Assigned Principal" of $790.26, "Assigned Interest" of $322.24, and "Interest" of $0.32.

14. Plaintiff was confused by this itemization, as Defendant included an "Assigned Interest" amount, along with a separate "Interest" amount.

15. Upon information and belief, the amount reflected under the "Assigned Interest" itemization involves interest that was accrued directly with the original creditor, Illinois Lending.

16. Upon information and belief, the amount reflected under the "Interest" itemization involves interest that was added by Defendant upon its servicing of the subject debt.

17. Defendant's distinct use and separation of "Assigned Interest," and "Interest"– underscores that the subject debt is variable (i.e., that the subject debt is accruing interest).

18. Yet, nowhere in Defendant's letter does Defendant mention that, due to the accruing interest, the amount due on the day Plaintiff actually remits payment may be greater than the itemized amounts reflected in Defendant's January 2, 2020 letter.

19. Courts have fashioned safe harbor provisions in connection with debt collectors' efforts to collect variable debts from consumers, and Defendant's collection letter fails to follow this safe harbor or provide any language which would substantially fulfill such safe harbor's purpose. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872 (7th Cir. 2000).

20. Defendant's blatant omission of the *Miller* safe harbor language confused and misled Plaintiff about the nature of her purported obligation in connection with the subject debt, whether and to what extent Defendant would be attempting to collect interest in connection with the subject debt, and to what extent Plaintiff's decision to delay payments would result in the continuing accrual of interest.

21. Moreover, in January 2020, Plaintiff accessed Defendant's website to obtain more information regarding the subject debt.

22. On its website, Defendant detailed the subject debt, listing the current balance as $1,115.53.

23. Defendant also notified Plaintiff that in order to accept any online payment from her, Defendant would charge a convenience fee in the amount of $0.60 ("convenience fee").

24. Plaintiff was required to accept the convenience fee in order to make payment.

25. Defendant gave the false impression that it could charge the convenience fee, when in fact, any such fee is impermissible pursuant to any underlying contract between Plaintiff and the original creditor, or as a matter of law.

26. The addition of a convenience fee created a false, deceptive and misleading representation as to the actual amount owed.

27. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

28. Defendant's conduct was misleading to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it inappropriately asserts that it is entitled to collect

the impermissible convenience fee, and through its January 2, 2020 correspondence, also left Plaintiff guessing as to her obligations in connection with the subject debt.

29. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

30. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

31. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

32. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

35. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

36. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt

5

collection is the primary purpose of its business. Defendant has also been a member of the Association of Credit and Collection Professionals ("ACA") since 1988.[2]

37. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

      **a.    Violations of the FDCPA §§ 1692e and f**

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated §§ 1692e, e(2)(A), e(10), and f through its false and deceptive representations regarding the total balance of the subject debt in its collection letter. As indicated by the collection letter, the subject debt was variable. As such, given the seeming accrual of interest, Plaintiff would have had to pay more than the balance listed in the collection letter in order to fully satisfy her purported obligation on the subject debt. Courts have fashioned "safe harbor" language which debt collectors are supposed to use in order to adequately outline the total balance of a particular debt when debt collectors send initial collection letters attempting to collect upon variable debts. However, Defendant's collection letter does not provide any of the

---

[2] http://www.acainternational.org/search#memberdirectory

information – or any information substantially similar to – the safe harbor language courts have applied to these situations, illustrating the way in which its collection letter was deceptive to Plaintiff and is deceptive to the least sophisticated consumer.

41. Defendant further violated §§ 1692e, e(2)(A), e(10), and f by unfairly attempting to collect the subject debt by representing that Plaintiff would be charged a convenience fee. Such a fee was not authorized by any agreement, as a matter of law or otherwise. As such, Defendant was not entitled to collect this convenience fee from Plaintiff in connection with the subject debt, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

42. Defendant knows that its representations to consumers concerning the fees being collected, and the consumer's rights under the FDCPA cannot be false, deceptive and/or misleading. Yet, Defendant engaged in this unfair behavior in an effort to induce additional payment that is beyond what Defendant was lawfully able to collect.

      **b.**     **Violations of the FDCPA § 1692g**

43. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity of certain debts in the initial written communication with consumers. Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector must adequately provide "the amount of the debt."

44. Defendant violated § 1692g(a)(1) when it failed to adequately identify the amount of the debt in its collection. Although the letter purports to outline the total amount due, the fact the debt was variable triggered Defendant's obligation to provide more information to consumers – inter alia, that the amount Plaintiff may pay would be greater than the amount indicated in the collection letter. Defendant's failure in this regard illustrates its failure to comply with the

strictures imposed upon debt collectors by § 1692g(a). Defendant's failure posed a risk of harm to Plaintiff's ability to intelligently determine the best way for her to go about addressing the subject debt.

WHEREFORE, Plaintiff, BOBBY WILLIAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 3rd day of August, 2020.   Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Bobby Williams*